Stephany DAVIS f/k/a Stephany Howell, Appellant,

v.

William W. BOONE, Appellee.

No. 04–89–00231–CV.

Court of Appeals of Texas, San Antonio.

Feb. 28, 1990.

---

James L. Nowlin, San Antonio, for appellant.

Monica L. Donahue, San Antonio, for appellee.

Before REEVES, PEEPLES and CARR, JJ.

## OPINION

PEEPLES, Justice.

Appellant Stephany Davis (formerly Stephany Boone) appeals from the trial court's order denying her motion to set aside its earlier order clarifying a divorce decree. Her appeal rests on the premise that the Court signed the clarification order without personal jurisdiction over her, and that the court therefore had the duty and the jurisdiction to set it aside upon her request more than fifteen months later. We hold that the court had lost jurisdiction to set aside the clarification order by the time Stephany asked it to do so, and that Stephany's motion to set the order aside was therefore properly denied.

The divorce decree, dated March 23, 1987, ordered Stephany's employer to withhold child support from her paycheck but did not order Stephany herself to pay. In response to appellee William Boone's motion to clarify the decree, the court on September 25, 1987, added provisions that ordered Stephany to pay the support herself. On January 17, 1989, after Stephany had twice been in court before the family law master on motions for contempt without challenging the September 1987 clarification, her new attorney filed a motion to set aside the clarification order. That motion attacked the clarification order on grounds that (1) Stephany was not properly served with process, and (2) in signing the

order the trial court exceeded its powers under the family code.

The pertinent events in the trial court took place in the following sequence:

August 22, 1986: William filed suit for divorce.

March 23, 1987: After jury trial, court signed decree awarding custody to William and ordering Stephany's *employer* to withhold child support.

September 13, 1987: William filed motion to clarify child support terms, asking court to order *Stephany* to pay support.

September 25, 1987: Court granted William's motion to clarify. Stephany was not personally served to appear at this hearing, but her previous attorney from the divorce trial appeared and said that he no longer represented her.

April 4, 1988: William filed motion for contempt against Stephany.

May 19, 1988: Family Law Master found Stephany in contempt but suspended sentence pending review on August 11.

August 11, 1988: Master reviewed Stephany's compliance with May 19 order and reset matter for January 19.

January 17, 1989: Stephany answered motion for contempt and filed motion to set aside September 25, 1987 clarification order.

April 5, 1989: After hearing, court orally denied Stephany's motion to set aside clarification order, signing a written order on May 2, 1989.

Stephany properly perfected her appeal from the court's May 2, 1989 order denying her request to set aside the September 25, 1987 order of clarification.

Stephany challenges the trial court's refusal to set aside the clarification order in five points of error, each of which rests on the premise that the court still had jurisdiction to grant the relief. The premise is that even though more than fifteen months had passed since the clarification order was signed, the trial court was empowered and required to set it aside because the court never acquired personal jurisdiction over her.

■ We believe that the supreme court has resolved this issue adversely to Stephany. When the time for attacking a judgment or other final order[1] by motion for new trial, direct appeal, or by writ of error has expired, as it had in this case, a trial court that had subject matter jurisdiction but not personal jurisdiction cannot set aside the final judgment or order. Any relief from such a judgment must be sought by bill of review. *Thursby v. Stovall,* 647 S.W.2d 953, 954 (Tex.1983); *Deen v. Kirk,* 508 S.W.2d 70, 71–72 (Tex.1974); *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710–11 (1961); TEX.R.CIV.P. 329b(f). These holdings apply to "cases in which a default judgment is asserted to be void for want of service, or of valid service, of process." *McEwen v. Harrison,* 345 S.W.2d at 710. That is, after a court's plenary jurisdiction has expired, it cannot set aside a judgment unless it lacked *subject matter* jurisdiction to render the judgment in the first place. *Middleton v. Murff,* 689 S.W.2d 212, 213–14 (Tex.1985); *Deen v. Kirk,* 508 S.W.2d at 72; *McEwen v. Harrison,* 345 S.W.2d at 711.

■ On April 5, 1989, before hearing Stephany's evidence, the trial court specifically questioned whether it still had jurisdiction to set aside the clarification order. We hold that the court did not, that its plenary jurisdiction had expired, and that it properly denied Stephany's motion to set the order aside.

This does not mean that defaulted defendants are forever bound by default judgments even though the rendering court may have lacked personal jurisdiction. Texas law gives the defaulted party several avenues of relief, both direct[2] and collateral.[3]

---

1. The order was final and not interlocutory under the rule stated in *North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex. 1966).

2. "A direct attack is a proceeding instituted for the purpose of correcting the earlier judgment. It may be brought in the court rendering the judgment or in another court that is authorized to review the judgment on appeal or by writ of error." *Austin Indep. School Dist. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex.1973).

   The law permits several methods of direct attack. The most common is the rule 329b motion for new trial. TEX.R.CIV.P. 306a(3) requires the clerk of the court to give notice of final judgments and other appealable orders by first class mail to all parties or their attorneys of record. When a litigant proves that he did not receive this notice or actual notice within 20 days of signing, the timetables concerning trial court jurisdiction over the case and for filing a motion for new trial are extended for a maximum of 90 days from the date the order was signed. See TEX.R.CIV.P. 306a(4).

   In addition, a party who did not participate in the trial and who can show the judgment's invalidity from the face of the record is entitled to appeal by writ of error within six months of the signing of the judgment or final order. *See Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex. 1985). *See* TEX.R.APP.P. 45.

   Finally, litigants who did not attack the judgment within these time periods may seek relief by bill of review. *See generally Baker v. Goldsmith,* 582 S.W.2d 404, 406–409 (Tex.1979); Chamberlain, *The Equitable Bill of Review,* 45 TEX.B.J. 484 (1982); Meyer, *The Equitable Bill of Review in Texas,* 41 TEX.B.J. 699 (1978).

3. We stress that Stephany took *direct* action to have the judgment declared void and set aside. We express no opinion on whether she can *collaterally* attack the judgment if William seeks to enforce it. "A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for such purpose. . . ." *Akers v. Simpson,* 445 S.W.2d 957, 959 (Tex. 1969).

   The supreme court has often stated the following rule, which indicates that when an enforcement action is brought, the defaulted party can defend on the ground that the judgment was rendered without personal jurisdiction:

   > Unless a judgment of a court of general jurisdiction is void, it is not subject to collateral attack in another court of equal jurisdiction. . . . And a judgment is void only when it is shown that the court had [1] *no jurisdiction of the parties* or property, [2] no jurisdiction of the subject matter, [3] no jurisdiction to enter the particular judgment, or [4] no capacity to act as a court.

   *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex. 1985) (emphasis added). The same rule is stated in *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987); *Austin Indep. School Dist. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex.1973), and Hodges, *Collateral Attacks on Judgments,* 41 TEX.L. REV. 163, 164 (1962).

   But the ability to collaterally attack a default judgment is limited because extrinsic evidence is not admissible to impeach a judgment's recital of personal jurisdiction. *See Akers v. Simpson,* 445 S.W.2d at 959; *Graham v. Graham,* 733 S.W.2d 374, 377 (Tex.App.—Amarillo 1987, writ ref'd n.r.e.). *But cf. Ex parte Cardwell,* 416 S.W.2d 382, 384 (Tex.1967) (generally, a recital of service is conclusive in civil cases,

The fact remains that the court below had no jurisdiction to set aside the judgment fifteen months after it was signed. When that much time has expired, settled law requires the defaulted party to attack the default judgment or final order by bill of review. Because the trial court's jurisdiction was not invoked by bill of review, it correctly refused to grant the relief requested.

The judgment is affirmed.

but not in habeas corpus review of contempt proceedings, which are quasi-criminal).

If the law were otherwise, all judgments rendered upon defective personal jurisdiction would be forever void, even if no one had attacked them. They could be "disregarded anywhere at any time." *See Joiner v. Vasquez,* 632 S.W.2d 755, 757 (Tex.App.—Dallas 1981, writ ref'd n.r.e.), *cert. denied,* 464 U.S. 981, 104 S.Ct. 422, 78 L.Ed.2d 357 (1983). Such a rule would undermine the sanctity of all default judgments—the vast majority of which are properly rendered—by enabling defaulted parties to deny that they were actually served and to litigate that issue in each enforcement proceeding.