Byron A. **GLUNZ,** Appellant,

v.

Gilbert A. **HERNANDEZ** and Guadalupe S. and Isabel Salas d/b/a Lupita's Tortilla Factory, **Appellees.**

No. 04–94–00558–CV.

Court of Appeals of Texas, San Antonio.

Aug. 16, 1995.

Rehearing Overruled Sept. 18, 1995.

Randy Gathany, David W. Rogers, Law Offices of Dave Rogers, Inc., San Antonio, for Appellant.

Jesse M. Gamez, Sherry A. Muller, Melissa Saldana, Law Offices of Jesse Gamez, Inc., San Antonio, for Appellees.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

STONE, Justice.

This appeal involves three trial court judgments: a default judgment entered against Gilbert Hernandez on July 22, 1985; a default judgment entered in the same cause number on April 7, 1986, against Hernandez and Guadalupe S. and Isabel Salas, individually and d/b/a Lupita's Tortilla Factory; and a declaratory judgment entered in the instant case declaring the second default judgment void. We find that the court had no jurisdiction to enter the second default judgment, therefore we affirm the judgment of the trial court.

## FACTS

On June 21, 1984, appellant Byron Glunz was injured in an automobile collision with a vehicle driven by appellee Gilbert Hernandez. Glunz filed suit against Hernandez in cause number 84–CI–14940, and on July 22, 1985, he obtained a default judgment against Hernandez. Seven months later Glunz amended his petition *in the same cause*

*number* to add appellee Guadalupe Salas as a defendant. Glunz alleged that Salas owned the vehicle driven by Hernandez, that he had negligently entrusted it to Hernandez on the date of the accident, and that Salas and Hernandez were jointly and severally liable for damages sustained by Glunz. Although Salas claimed he received no notice of this suit, the record contains a citation with Sheriff's Return reflecting service on March 13, 1986. An answer was filed on behalf of Hernandez and Salas by Hernandez' attorney. The file stamp date is illegible, but the certificate of service recites a service date of April 4, 1986. On April 7, 1986, Glunz obtained a default judgment against Salas and Hernandez for $52,355.00, the same amount as the original default judgment. The judgment recites that evidence was heard on July 22 of either 1985 or 1986. The year is unclear.[1] Although the record indicates notice of the judgment was sent to Salas, he claims he never received the notice.

More than seven years after entry of the default judgment Glunz sent post-judgment discovery to Salas and attempted to execute on the judgment. Salas and his wife filed the instant suit to enjoin execution and to declare the default judgment void.[2] The trial court entered a judgment permanently enjoining Glunz from attempting to execute on the default judgment. The court also vacated the second default judgment, finding it "void on the grounds that the Court had no jurisdiction with respect to the Judgment or with respect to the person of [Salas] who had no notice of the proceedings."

## APPELLANT'S CLAIMS

On appeal Glunz presents five points of error, all of which are based upon his conten-

tion that the second default judgment is not a void judgment. Glunz contends that any defects in the second judgment are mere mistakes that do not void the judgment, and that a declaratory judgment is not an available remedy to set aside a valid default judgment. In brief, Glunz contends that Salas' declaratory judgment action is an impermissible collateral attack on the default judgment.

## COLLATERAL ATTACKS

A collateral attack is any proceeding to avoid the effect of a judgment which does not meet all the requirements of a valid direct attack.[3] There is neither a set procedure for a collateral attack nor a statute of limitations. *Davis v. Boone,* 786 S.W.2d 85, 87 n. 3 (Tex.App.—San Antonio 1990, no writ). Collateral attacks may only be used to set aside a judgment which is void, or which involved fundamental error.[4] Fundamental error for this purpose means cases where "the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex. 1982).

The cases distinguish between judgments which are void, and therefore may be set aside by a collateral attack, and those which are voidable and must be attacked by a valid direct attack. A judgment is void if it is shown that the court lacked jurisdiction (1) over a party or the property; (2) over the subject matter; (3) to enter a particular judgment; or (4) to act as a court. *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987); *Browning v. Placke,* 698 S.W.2d 362, 363

---

1. The new default judgment is virtually identical to the original default judgment except that the new defendant is added. The date on which evidence was heard is typed as 1985, with a 6 hand-written over the 5. This second default judgment has the same cause number as the first default judgment.

2. Both Guadalupe Salas and his wife Isabel filed this declaratory action because appellant was attempting to collect on community property. Only Guadalupe Salas was named as a defendant, however, in the second default judgment. We will therefore refer to appellees as "Salas."

3. Direct attacks in the trial court include the granting of a motion for new trial and a bill of review. Direct attacks in the Court of Appeals include an ordinary appeal, an appeal by writ of error, and an appeal by writ of error from a bill of review judgment.

4. *See generally* Gus M. Hodges, *Collateral Attacks on Judgments,* 41 Tex.L.Rev. 163 (1962); Wayne Scott, *Direct and Collateral Attacks on Default Judgments in Texas State Courts, in* State Bar of Texas Prof.Dev.Program, Advanced Civil Appellate Law Course H, H–21 (1992).

(Tex.1985) (per curiam); *Austin Indep. Sch. Dist. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex.1973); *Davis v. Boone,* 786 S.W.2d at 87 n. 3.

Glunz contends that a bill of review is the exclusive remedy for setting aside a default judgment when the plenary power of a court has expired, and that Salas failed to avail himself of this exclusive remedy within four years of the default judgment. Thus, Glunz argues, Salas cannot challenge the default judgment. Salas claims the variance in the dates recited in the judgment shows that the court did not have personal jurisdiction over him. If the evidence was heard on July 22, 1985, then it happened before Salas was served on March 13, 1986. If the evidence was heard on July 22, 1986, then it happened after the entry of judgment on April 7, 1986. Salas argues that either way, error is apparent on the face of the record.

## PERSONAL JURISDICTION

Absence of notice to a Texas resident will make a judgment voidable, but not void. *Hawkins v. Twin Montana, Inc.,* 810 S.W.2d 441, 446 (Tex.App.—Fort Worth 1991, no writ); *Davis v. Boone,* 786 S.W.2d at 87–88 n. 3. There are, however, cases involving *direct* attacks where the error was preserved which have written in broader terms holding that "a judgment rendered against a defendant without citation or service upon him, or appearance by him, is a nullity." *Gonzalez v. Gutierrez,* 694 S.W.2d 384, 389 (Tex.App.—San Antonio 1985, no writ).

The citation in the record recites that Salas was served on March 13, 1986. The default judgment against him was signed on April 7, 1986. The first lines of that judgment recite that evidence was heard on July 22, 1985 or 1986. If evidence was heard on July 22, 1985, then the court did not yet have jurisdiction over Salas. If evidence was heard on July 22, 1986, this is after the judgment had already been signed. Either way, it can be argued that the face of the judgment shows that it is void. Conversely, it can be argued that the issue of personal jurisdiction is not subject to review because the judgment recites that Salas received proper service.

In order to determine if error exists in a civil judgment against a Texas resident, the court must look only to the record. *See Huffstutlar v. Koons,* 789 S.W.2d 707, 710 (Tex.App.—Dallas 1990, no writ). Several cases hold that a court must not inquire into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Recitations in the judgment prevail over the rest of the record in a collateral attack by a Texas resident. Therefore, even if other parts of the record show a lack of personal jurisdiction, if the judgment recites the contrary, the collateral attack fails. *Huffstutlar v. Koons,* 789 S.W.2d at 710; *Burrows v. Miller,* 797 S.W.2d 358, 359–60 (Tex.App.—Tyler 1990, no writ) (citing *McKanna v. Edgar,* 388 S.W.2d 927 (Tex. 1965) and *Donaldson v. First State Bank of Abernathy,* 352 S.W.2d 302 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.)). In the instant case the record contains a sheriff's return reflecting proper service upon Salas. The judgment recites proper service upon Salas, but also recites that evidence against Salas was heard on a date either months before service, or months after the judgment was signed. The recital of the date evidence was heard appears to be an error and does not support the conclusion that the court had no jurisdiction over Salas when it entered the second default judgment. Based on the record before us we cannot say that there is error on the face of the record reflecting an absence of personal jurisdiction over Salas.

This case is similar to *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961). In *McEwen,* the Texas Supreme Court ruled that a default judgment could not be overturned by any method other than a valid direct attack, even though service of process was invalid. The only exception cited is when the court had no jurisdictional power to render judgment or subject matter jurisdiction. *Id.,* 345 S.W.2d at 710–11. Thus we must examine the record to determine if the court retained jurisdictional power to render the second default judgment.

## JURISDICTIONAL POWER TO RENDER JUDGMENT

A default judgment is susceptible of collateral attack if the court rendering the

judgment lacked subject matter jurisdiction or jurisdictional authority. *McEwen v. Harrison,* 345 S.W.2d at 711. In the instant case the declaratory judgment before us recites that the court in the second default did not have jurisdictional authority.[5] The trial court found that "the Court had no jurisdiction with respect to the Judgment."

We agree that the court was without jurisdiction to enter the second default judgment. The first default judgment signed on July 22, 1985, was a final judgment in cause number 84–CI–14940. This judgment was never attacked either directly or collaterally. Since neither party filed a motion for new trial or appealed, the judgment became final and the trial court's plenary jurisdiction expired thirty days later on August 21, 1985. TEX. R.CIV.P. 329b(e). At the time of the second judgment, some 229 days after the trial court lost jurisdiction, the trial court no longer had any power to enter a judgment under the same cause number. *See* TEX.R.CIV.P. 301 (only one final judgment shall be entered in any cause except where otherwise specially provided by law). The court issued a default judgment, then after its plenary power expired, it issued a second default judgment in the same case which added Salas as a new defendant. The second default judgment was void because the trial court had lost its plenary power over the case.

> On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; provided that the court may ... sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired.

TEX.R.CIV.P. 329b(f); *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83, 84 (1941); *Farmer v. Ben E. Keith Co.,* 886 S.W.2d 492, 494–95 (Tex.App.—Fort Worth 1994, n.w.h.) (second final judgment was void because the trial court's plenary power over the matter had expired); *Azbill v. Dallas County Child Protective Servs.,* 860 S.W.2d 133, 138 (Tex.

App.—Dallas 1993, no writ) ("The entry of a second judgment in the same case is not a vacation of the first, and if there is nothing to show the trial court vacated the first, the second is a nullity."). Nothing in the second judgment shows an intention to vacate the first, nor did the trial court have the power to do so. The trial court effectively modified its first default judgment after its plenary power had expired. Accordingly, the second default judgment was a nullity, and the trial court below was correct in so finding. The judgment of the trial court vacating this second judgment is correct.

■ Glunz would have us believe that the cause number recited on the second judgment is merely a clerical error, and that it should be read as a different cause number. There is no evidence in the record to support this argument. Glunz filed the action against Salas under the same cause number as the original action against Hernandez. The suit against Salas is entitled a first amended petition rather than an original petition, and continues to name Hernandez as a defendant even though a judgment had already been entered against Hernandez. A second cause number was never assigned to the suit against Salas and there is no indication that a filing fee was ever paid, which would be the case if Glunz had filed an entirely new cause of action as he claims. Glunz relies on *Hesser v. Hesser,* 842 S.W.2d 759 (Tex.App.— Houston [1st Dist.] 1992, writ denied) for the proposition that the failure to assign a new cause number to the second default judgment does not render it void. We do not find *Hesser* controlling since in that case the second judgment was specifically authorized by statute. *Id.* at 764. Further, the first judgment in *Hesser* was not *res judicata,* unlike the present case.

We decline Glunz' invitation to categorize these discrepancies as "mere mistakes." Rather, we find they are glaring errors apparent from the face of the record which conclusively establish the invalidity of the second default judgment. The trial court was specifically authorized under the rules

---

**5.** One example of a judge not having power to enter a judgment is *Ex parte Eastland,* 811 S.W.2d 571, 572 (Tex.1991), where the court ruled that a judge had no power to enter a contempt order after his term of office expired.

and the evidence to vacate the second default judgment.

Finally, Salas asks this Court to assess sanctions against Glunz for bringing this appeal. The trial court awarded Salas attorney's fees and costs in the total amount of $5,508.00. We affirm that award and decline to impose sanctions on appeal. Salas' cross point of error is overruled.

The judgment of the trial court is affirmed.