Rudolfo "Rudy" ZARATE,
et al., Appellants,

v.

SUN OPERATING LIMITED, INC., et
al. and Sun Exploration and Pro-
duction Company, Appellees.

No. 04–00–00192–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 7, 2001.

Isabel Trevino, Law Offices of Isabel Trevino, Rio Grande City, TX, for Appellant.

Annette S. Kenefick, Houston, TX, David L. Garza, Law Office of David L. Garza, Rio Grande City, TX, Jack L. Brandon, Oklahoma City, OK, Charles A. Nicholson, Law Office of Charles Nicholson, San Antonio, TX, Frank R. Nye, Jr., Law Offices of Frank R. Nye, Jr., Rio Grande City, TX,

Sitting Justices RICKHOFF, LÓPEZ and DUNCAN (concurring in the judgment).

LOPEZ, Justice.

Rudolfo "Rudy" Zarate, et al. ("Zarate") appeals the trial court's judgment in favor of Sun Operating Limited, Inc., et al. and Sun Exploration and Production Company ("Sun Operating"). On appeal, Zarate complains that the trial court erred in denying his motion to set aside the void final judgment. Because we find that the judgment was not void, we dismiss this case for lack of jurisdiction.

### Factual and Procedural Background

On June 26, 1987, Sun Operating filed an interpleader suit in connection with a tract of land called "North 700 Acres of Porcion No. 99" located in Starr County, Texas. During the course of litigation, on February 21, 1991, the trial court appointed a Master in Chancery to determine ownership of the mineral and royalty interests of the land in question. The Master in Chancery's final report was approved and adopted by Judge Ricardo H. Garcia on February 2, 1995.

On December 8, 1998, Judge Garcia asked Judge Alex W. Gabert to preside over the hearing of the final judgment of the Master in Chancery's final report which allowed the payment of royalties. Judge Gabert advised the parties that he had been appointed to preside over the hearing and that he had acted as a legal advisor to the receiver in the case, but had

not made a physical appearance in the case. Neither party objected to Judge Gabert presiding over the hearing. In the final judgment, Judge Gabert awarded ownership of the mineral and royalty interests in the land pursuant to the terms and findings of the Master in Chancery's final report.

On November 18, 1999, Zarate filed a motion for judgment nunc pro tunc to correct a clerical error in the final judgment. On December 22, 1999, Zarate filed a supplemental motion for judgment nunc pro tunc to include a claim that Judge Gabert's judgment was void because he was constitutionally disqualified and lacked jurisdiction to hear this case. On December 29, 1999, Sun Operating filed an opposition to Zarate's motion and a supplemental motion to set aside void judgment or alternatively for judgment nunc pro tunc asking the judge to deny Zarate's motion. On January 5, 2000, Judge Robert C. Pate held a hearing on Zarate's motion, and on February 24, 2000, Judge Pate denied Zarate's motion to set aside the judgment or alternatively for judgment nunc pro tunc.

Zarate filed his notice of appeal on March 24, 2000. On June 23, 2000, this court ordered Zarate to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. On July 3, 2000, Zarate responded to this court's show cause order and conceded that this court lacks jurisdiction on the denial of the motion for judgment nunc pro tunc. However, Zarate argued, that this court has jurisdiction to consider whether Judge Gabert was disqualified to preside over the hearing and enter the judgment of December 8, 1998 and to consider whether Judge Pate's denial of the motion to set aside the void judgment was in error. Accordingly, this court ordered that Sun Operating's motion to dismiss for lack of jurisdiction be carried with the case on appeal.

**Discussion**

On appeal, Zarate complains that Judge Pate erred in refusing to set aside Judge Gabert's final judgment signed on December 8, 1998 because Judge Gabert was disqualified to enter the judgment: 1) under article 5, section 11 of the Texas Constitution; 2) under Rule 18b(1)(a) of the Texas Rules of Civil Procedure; and 3) because he had been counsel of record in the case. In response, Sun Operating argues that this court has no jurisdiction over this appeal and can take no action other than dismiss it, and that Judge Gabert was not constitutionally disqualified from signing the final judgment.

In considering the merits of Zarate's appeal, we need to determine whether Texas law gives this court jurisdiction over Zarate's motion to set aside the December 8, 1998 final judgment. In order to perfect an appeal, the appellant must file the notice of appeal by the deadlines set out in Rule 26.1 of the Texas Rules of Appellate Procedure. Rule 26.1 provides that all appellate timetables begin with the date the trial court signed the judgment or appealable order. *See* TEX.R.APP.P. 26.1; *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995). The deadline for filing a notice of appeal depends on the type of case the appellant is appealing and the type of post-trial motions the parties have filed. If no party timely filed a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusions of law, the appellant must file a notice of appeal within 30 days of the date the trial court signed the judgment. *See* TEX.R.APP.P. 26.1; TEX.R.CIV.P. 329b. The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within 30 days after

the judgment is signed. *See* TEX.R.CIV.P. 329b(d).

In the instant case, the final judgment was signed on December 8, 1998, which began the running of the appellate deadlines. *See* TEX.R.CIV.P. 306a; *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997). Because Zarate did not file a motion for new trial or any other motion that extended the appellate timetable within 30 days of the trial court signing the judgment, the judgment became final and the trial court's plenary jurisdiction expired on January 7, 1999. *See* TEX.R.CIV.P. 329b.

Sun Operating contends that a bill of review is the exclusive remedy for setting aside a judgment when the plenary power of a court has expired. *See* Tex.R.Civ.P. 329b(f) (providing that on expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law); *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985); *McEwen v. Harrison,* 162 Tex. 125, 131, 345 S.W.2d 706, 710 (1961). Sun Operating argues that this rule must be followed even when the challenged judgment is void. *See Middleton,* 689 S.W.2d at 213 (finding it unnecessary to decide whether a consent judgment was void or merely voidable because in either instance, a bill of review is the exclusive remedy since the time for an appeal from the consent judgment has expired).

Sun Operating relies on *McEwen v. Harrison,* 162 Tex. 125, 131, 345 S.W.2d 706, 710 (1961). In *McEwen,* the Texas Supreme Court construed the provision of Rule 329b(f) to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill

of review is the exclusive method of vacating a default judgment rendered in a case to which the court had jurisdictional power to render it. *See McEwen,* 345 S.W.2d at 710. Sun Operating maintains that the Supreme Court assumed in *McEwen* that the default judgment was void, but held that the order vacating the default judgment was unauthorized and void because the district court had jurisdictional power when it entered the default judgment, and the motion to vacate was filed after the court lost jurisdiction and did not qualify as a bill of review as required by Rule 329b. Similarly, Sun Operating argues that Zarate's attempt in this case to modify, correct, or declare void the December 8, 1998 final judgment by filing a motion to set it aside was improper. According to Sun Operating, regardless of whether Zarate was correct in its contention that the December 8th judgment could not be signed by Judge Gabert, neither the district court nor this court has any jurisdiction over this proceeding.

■■■ However, Zarate contends that the December 8, 1998 judgment was void, and not only can a void judgment be attacked by a bill of review after a trial court's plenary power has expired, but a void judgment can be collaterally attacked. *See Glunz v. Hernandez,* 908 S.W.2d 253, 255 (Tex.App.—San Antonio 1995, writ denied); *Tidwell v. Tidwell,* 604 S.W.2d 540, 542 (Tex.Civ.App.—Texarkana 1980, no writ) (finding that a void judgment may be collaterally attacked by a suit to set aside the judgment after it has become final if such void judgment becomes material). We agree. A collateral attack is any proceeding to avoid the effect of a judgment which does not meet all the requirements of a valid direct attack. *See Glunz,* 908 S.W.2d at 255.[1] There is neither a set

---

1. Direct attacks in the trial court include the granting of a motion for new trial and a bill of

procedure for a collateral attack nor a statute of limitations. *See Glunz*, 908 S.W.2d at 255; *Davis v. Boone*, 786 S.W.2d 85, 87 (Tex.App.—San Antonio 1990, no writ). Collateral attacks may be only used to set aside a judgment which is void, or which involved fundamental error. *See Glunz*, 908 S.W.2d at 255. Fundamental error for this purpose means cases where the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas. *See id.* The cases distinguish between judgments which are void, and therefore may be set aside by a collateral attack, and those which are voidable and must be attacked by a valid direct attack. *See id.* A judgment is void if it is shown that the court lacked jurisdiction 1) over a party or the property; 2) over the subject matter; 3) to enter a particular judgment; or 4) to act as a court. *See id.*

Accordingly, we must determine whether the December 8, 1998 judgment was void before we can determine whether we have jurisdiction to hear this case. Zarate contends that the judgment was void because Judge Gabert was disqualified to sit on the case and render judgment according to article 5, section 11 of the Texas Constitution and Rule 18b(1)(a) of the Texas Rules of Civil Procedure.

Article V, section 11 of the Texas Constitution provides that no judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or *when he shall have been counsel in the case. See* TEX. CONST. art. V, § 11 (emphasis added). Likewise, Rule 18b(1)(a) of the Texas Rules of Civil

Procedure provides the judges shall disqualify themselves in all proceedings in which they have served as a lawyer in the matter in controversy. *See* TEX.R.CIV.P. 18b(1)(a).

In the instant case, at the beginning of the hearing on the final judgment, Judge Gabert specifically advised the parties that he had been appointed to preside over the hearing and that he had acted as a legal advisor to the receiver in this case, but had not made a physical appearance in the case. Judge Gabert asked if there were any objections to his presiding and neither party objected. Subsequently, Judge Gabert signed the final judgment and awarded ownership of the mineral and royalty interests in the land pursuant to the terms and findings of the Master in Chancery's final report.

■■■ While it appears that Zarate waived the issue by not objecting to Judge Gabert presiding, disqualification may be raised at any time. *See Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982); *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 560 (Tex. App.—Beaumont 1993, writ denied); *Lone Star Industries, Inc. v. Ater*, 845 S.W.2d 334, 336 (Tex.App.—El Paso 1992, no writ). Disqualification may even be raised for the first time in a collateral attack on the judgment. *See Gulf Maritime*, 858 S.W.2d at 560. If a judge is disqualified under the Constitution, he is absolutely without jurisdiction in the case, and any judgment rendered by him is void, without effect, and subject to collateral attack. *See id.* at 559. A judgment entered in a case in which the judge is disqualified is void and not binding as to the parties involved. *See Buckholts*, 632 S.W.2d at

review. Direct attacks in the Court of Appeals include an ordinary appeal, an appeal by writ of error, and an appeal by writ of error from a bill of review judgment. *See Glunz*, 908 S.W.2d at 255.

148; *Fry v. Tucker,* 146 Tex. 18, 26, 202 S.W.2d 218, 221 (1947); *Postal Mutual Indemnity Co. v. Ellis,* 140 Tex. 570, 574, 169 S.W.2d 482, 484 (1943); *Sun Exploration & Production Co. v. Jackson,* 729 S.W.2d 310, 312 (Tex.App.—Houston [1st Dist.] 1987, no writ). To determine whether Judge Gabert was disqualified from entering the judgment on December 8, 1998, we must determine whether he was counsel in the case or had an interest in the matter in controversy.

■ Zarate maintains that Judge Gabert was counsel to Lino Perez, Jr., the receiver appointed by the trial court for the unknown parties of Ygnacio Trevino, a named defendant in the interpleader suit. Zarate argues that at the time Judge Gabert signed the December 8, 1998 judgment, the receiver was still an inactive or nominal party in the suit. Judge Gabert was paid for his legal services in connection with the case out of the sign-up payments in the deposit registry of the court, which funds rightfully belonged to the party.

At the January 5, 2000 hearing on Zarate's motion to set aside the judgment, Zarate offered several exhibits into evidence: (1) a plea of not guilty and general denial to plaintiff's petition in interpleader submitted by Judge Gabert as attorney for defendant-receiver, Lino Perez, filed on October 27, 1987; (2) an application for payment of fees for receiver and receiver's attorney submitted by Judge Gabert as attorney for receiver, Lino Perez, filed on June 14, 1989 and an order from Judge Garcia setting the hearing date on the application for payment of fees; (3) a letter from Frank Nye, Sun Operating's attorney, to all attorneys of record dated November 24, 1998, in which Judge Gabert was named (the letter advised that the court set the matter for entry of final judgment on December 8, 1998); and (4) a letter from Lino Perez to Judge Garcia dated March 16, 1998 stating that he could no longer perform the duties of receiver in the case. At the bottom of the letter, Judge Garcia noted that the court appointed Juan Erasmo Saenz as a receiver to replace Lino Perez, dated April 7, 1998. Zarate claims that this evidence shows that Judge Gabert was constitutionally and statutorily disqualified to sit on this case and enter judgment because he had acted as counsel in the case and represented a party in interest. In addition, Zarate contends that there is nothing to indicate in the record that Judge Gabert withdrew from representing Lino Perez and there is nothing in the record relieving the receiver of his duties.

On the other hand, Sun Operating asserts that Judge Gabert was not disqualified from signing the December 8, 1998 final judgment because he never represented any party who claimed an interest in the subject matter of this litigation. The record reflects in a sworn statement dated September 6, 1989 that the receiver, Lino Perez, had no interest nor was claiming any interest in the lands, minerals, or royalty interest in respect to the 700 acre tract of land. This statement was filed with the court on September 15, 1989. In addition, in order for a court to appoint a person as a receiver in a particular case, that person must not be a party, attorney, or other person interested in the action for appointment of a receiver. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 64.021 (Vernon 1997) (providing qualifications of a receiver). Here, Lino Perez made a sworn statement that he had no interest and was not a party in the case. Accordingly, we find that Lino Perez, as a receiver in this case, was not a party who claimed an interest in the subject matter of this litigation. *See generally* TEX.CIV.PRAC. & REM. CODE ANN. §§ 64.001–64.092 (Vernon 1997

& Supp.2000) (provisions for receivership). Therefore, Judge Gabert, acting as the attorney for the receiver, was not representing a party who claimed an interest in the litigation. As a result, Judge Gabert was not disqualified under article 5, section 11 of the Texas Constitution or Rule 18(b)(1) of the Texas Rules of Civil Procedure from signing the December 8th judgment because he represented the receiver in the case and the receiver was not a party in the lawsuit and had no interest in the litigation.

Nonetheless, Zarate also contends that Judge Gabert was disqualified from signing the judgment because the issues before him were identical to those on which he had acted as counsel for the receiver; namely, issues relating to the ownership of the mineral estate and royalty interests. In response, Sun Operating asserts that the issues before Judge Gabert when he signed the final judgment were not identical to those on which he had acted as counsel for the receiver. Sun Operating claims that by the time Judge Gabert signed the final judgment, the unknown parties whom the receiver was appointed to represent had been found to be nonexistent and had been dismissed from the case by default or summary judgment entered on October 26, 1989. The receiver was not considered a party or even mentioned or referenced in the final judgment. Sun Operating argues that when Judge Gabert signed the final judgment, the issue was no longer whether any unknown claimants existed, but rather, whether the known claimants had an interest in the land and royalty payments. Because the litigation issues were not identical, Sun Operating contends that Judge Gabert was not constitutionally disqualified from signing the judgment. *See Lade v. Keller,* 615 S.W.2d 916, 920 (Tex.Civ.App.—Tyler 1981, no writ); *Butts v. Davis,* 149 S.W.

741, 742 (Tex.Civ.App.—Amarillo 1912, no writ).

Despite the parties' arguments about whether Judge Gabert was disqualified from signing the judgment because the issues before him were identical, Judge Gabert was not constitutionally disqualified from presiding over the hearing. Because Judge Gabert was not constitutionally disqualified from signing the judgment, the judgment was not void. Having determined that the December 8, 1998 judgment was not void, we can now determine whether we have jurisdiction over this appeal.

█ Zarate's notice of appeal indicates that he desires to appeal the trial court's order denying his motion to set aside the December 8th judgment. The motion to set aside was filed on November 18, 1999. By that time, the trial court had lost its plenary power to change a judgment that was signed on December 8, 1998 because the motion was filed more than 30 days after the judgment was signed. *See* TEX. R.CIV.P. 329b. An untimely motion provides no basis for consideration on appeal. *See Clements v. Barnes,* 822 S.W.2d 658, 660 (Tex.App.—Corpus Christi 1991), *rev'd on other grounds,* 834 S.W.2d 45 (Tex. 1992); *see also Willacy County Appraisal Review Bd. v. South Padre Land Co.,* 767 S.W.2d 201, 202 (Tex.App.—Corpus Christi 1989, no writ); *Dean v. Warren,* 464 S.W.2d 672, 673 (Tex.Civ.App.—Tyler 1971, no writ). As a result, the trial court's order denying the motion to set aside was not a final appealable judgment. With only a few exceptions-none of which apply here, appeals are allowed only from final judgments. *See Shadowbrook Apartments v. Abu–Ahmad,* 783 S.W.2d 210, 211 (Tex.1990). As a result, we have no jurisdiction to consider the trial court's ruling on the motion to set aside the December 8th judgment.

On the other hand, although Zarate's notice of appeal indicates he desires to appeal the trial court's order on his motion to set aside, his arguments about the trial court's ruling address the validity of the December 8th judgment. If Zarate sought to appeal the December 8th judgment by this effort, his notice of appeal was not timely because it was not filed within 30 days of the signing of the judgment. *See* TEX.R.APP.P. 26.1. Without a timely notice of appeal, this court's jurisdiction is not invoked, and this court has no jurisdiction to consider an appeal. *See id.* As a result, we grant Sun Operating's motion to dismiss, and dismiss this appeal for lack of jurisdiction.