

## NUMBER 13-07-00697-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN THE INTEREST OF C.G., A MINOR CHILD

### On appeal from the 105th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Humberto Garza,[1] appeals from the denial of his petition for bill of review

in which he asked the trial court to set aside an October 26, 1993 order (the "1993 order")

establishing a parent-child relationship.  In three issues, which we consider out of order,

Garza contends that the trial court erred by: (1) finding that it had personal jurisdiction over

him to render the 1993 order because he had not been properly served; (2) concluding that

his petition was barred by the statute of limitations; and (3) concluding that no fraud,

---

[1] The record contains evidence that Humberto Garza was also referred to as "Jimmy Garza."  For ease of reference we will refer to him as simply Garza.

accident, or wrongful act had been committed by an opposing party or that official mistake prevented him from asserting any defense. We affirm.

## I. Background

On July 8, 1993, the Texas Attorney General's Office (the "State") filed a petition to establish a parent-child relationship between "Jimmy Garza" and C.G., a minor child who was born in 1984. The petition requested regular and retroactive child support and the issuance of service of citation. Nueces County constables attempted, but were unable, to personally serve Garza with citation at 1029 Dona Drive, Corpus Christi, Texas which was his last known address. Deputy Constable Victor Casares's efforts at personal service are described in a handwritten note, which states:

> Checked address and talked to girlfriend. She said he does live there[.] Although, she was very evasive regarding work info[rmation]. He has never returned my calls and she refused to tell me where he works. Request [R]ule 106. He is not on jail list or probation list.

The State then filed a motion for service under Rule 106 of the Texas Rules of Civil Procedure, requesting substitute service by delivering citation to anyone over sixteen years of age at Garza's address. *See* TEX. R. CIV. P. 106(b)(1). Attached to the motion was an affidavit by Deputy Casares in which he details three failed attempts at service on Garza and suggests that reasonable notice be given by leaving it with anyone over sixteen years of age at Garza's address or by attaching it to Garza's door. The trial court granted the State's motion and allowed substitute service by leaving a copy of the citation with anyone over sixteen years of age at Garza's residence. The return of service, which was executed by Deputy Casares on September 20, 1993, notes that citation was tacked to the door because "subject that was at home refused to open door." The trial court then held a

2

hearing on the State's petition and entered a final order on October 26, 1993.

On February 16, 2006, Garza filed an original petition for bill of review seeking to invalidate the 1993 order. In his amended petition,[2] Garza argued that he was not properly served with citation because: (1) he did not receive actual notice of the State's petition; (2) even had he received service, it would have been defective because the citation was directed to "Jimmy Garza," not "Humberto Garza"; (3) Deputy Casares's affidavit in support of the State's motion was invalid because it was dated August 4, 1985, which is eight years before the State's petition was filed; and (4) Deputy Casares's affidavit was invalid because he did not aver that the statements made were true and correct and based upon his personal knowledge. Garza also pleaded that "[t]he invalidity of the [1993 order] does not appear on the face of the record."

The State answered Garza's petition with a general denial and defended Deputy Casares's affidavit by arguing that the notary's date was a typographical error that did not affect its validity. The State asserted that Garza had not established that the judgment was the result of fraud, accident, or a wrongful act of an opposite party, and it also asserted the affirmative defense of laches.

On August 21, 2007, a hearing was held on Garza's petition. On direct examination, Garza testified that he was never married to M.G., C.G.'s mother, and he had met M.G. only three or four times. Garza further testified that, in 1993, he was legally married to Juanita Garza and the couple had one child together, but they were separated. Garza recalled first becoming aware of the 1993 order in 2006, when $4,000 was garnished from Garza's bank accounts. Garza testified that he had never knowingly made payments on

---

[2] Garza amended his petition on June 30, 2006. *See* TEX. R. CIV. P. 65.

3

the 1993 order. Garza recognized, however, that in 1993, he was in the process of divorcing Juanita, and after 1993, his paycheck was regularly debited for child support payments to Juanita. Garza noted that the child-support payments "just kept going up every four or five years", and he could have inadvertently made payments under the 1993 order.

On cross-examination by the State, Garza testified that, while shopping at a Wal-Mart in 2001 or 2002, M.G. approached him and stated, "[y]ou know you've got a daughter" and that is "when the mess started." Garza further testified that he did not believe he was C.G.'s father. However, Garza admitted that, sometime after 2000, he and C.G. had "periodic" contact, and he introduced C.G. to his family "[a]s my bastard child." With respect to his address in 1993, Garza remembered living at 1029 Dona Drive with Juanita, but he moved to Up River Road during the divorce and could not remember whether he lived at 1029 Dona Drive in 1993. Regarding his name, Garza testified that friends and family sometimes called him "Jimmy."

M.G. testified for the State that "[e]verybody knows him [Garza]. . . by Jimmy Garza," and "Jimmy" is the English translation of Garza's middle name, "Santiago." M.G. further testified that she informed Garza of the 1993 order a year or two after it was entered, and at that time Garza did not deny being C.G.'s father.

The trial court took the matter under advisement, and on August 24, 2007, it denied Garza's petition. The next day, Garza requested findings of fact and conclusions of law. The trial court issued the following relevant factual findings:

1.      Petitioner Humberto Santiago Garza, also known as Jimmy Garza, was properly served on September 20, 1993, with a Petition to Establish the Parent-Child Relationship between him and the child,

4

[C.G.], at 1029 Dona Drive, Nueces County, Corpus Christi, Texas 78407, the address where he resided with his then wife.

. . . .

6.  Petitioner has had a systematic and continuous relationship with the child, [C.G.], since the year 2000.

7.  In the year 2000, Petitioner knew, or should have known, that an Order Establishing the Parent-Child Relationship between him and the child, [C.G.], had been rendered against him.

Additionally, the trial court concluded that the petition for bill of review was barred by a four-year statute of limitations and that the 1993 order did not result from fraud, accident, or wrongful act of an opposing party or official mistake that prevented Garza from asserting any defenses. This appeal ensued.

## II. STATUTE OF LIMITATIONS

In his second issue, Garza asserts that the trial court erred in concluding that his petition was barred by the statute of limitations. Garza argues that his petition for bill of review is both a direct and collateral attack on the 1993 order. *See Tex. Dep't of Transp. v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex. App.–Austin 1997, writ denied) (providing that a bill of review that fails as a direct attack may constitute a collateral attack). Garza concedes that the direct attack portion of his petition is barred by the four-year residual statute of limitations, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 2008), but he contends that the collateral attack portion of his petition is not subject to limitations because the 1993 order is void due to his not receiving personal service as authorized by the trial court's order on substitute service. The State contends that Garza cannot collaterally attack the 1993 order on the grounds of defective substitute service.

## A.  Standard of Review

5

We review the granting or denial of a bill of review under an abuse of discretion standard. *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.–Corpus Christi 2003, pet. denied). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principals. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). In determing whether the trial court abused its discretion, we review the trial court's findings of fact for legal and factual sufficiency and the trial court's legal conclusions de novo. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

## B.     Applicable Law

For a collateral attack, there is neither a set procedure nor a statute of limitations. *Zarate v. Sun Operating Ltd., Inc.*, 40 S.W.3d 617, 620-21 (Tex. App.–San Antonio 2001, pet. denied); *Glunz v. Hernandez*, 908 S.W.2d 253, 255 (Tex. App.–San Antonio 1995, writ denied). Collateral attacks may only be used to set aside a judgment that is void or involves fundamental error. *Zarate*, 40 S.W.3d at 621; *Glunz*, 908 S.W.2d at 255. A judgment is void if it is shown that the court lacked jurisdiction (1) over a party or the property, (2) over the subject matter, (3) to enter a particular judgment, or (4) to act as a court. *Zarate*, 40 S.W.3d at 621; *Glunz*, 908 S.W.2d at 255 (citing *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987)); *see also Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985).

When reviewing a collateral attack, we presume the validity of the judgment under attack. *Johnson v. Ventling*, 132 S.W.3d 173, 177 (Tex. App.–Corpus Christi 2004, no pet.); *Toles v. Toles*, 113 S.W.3d 899, 914 (Tex. App.–Dallas 2003, no pet.). The

6

recitations of the judgment control the rest of the record, and extrinsic evidence cannot be used to establish a lack of jurisdiction. *Narvaez v. Maldonado*, 127 S.W.3d 313, 317 (Tex. App.–Austin 2004, no pet.); *Toles*, 113 S.W.3d at 914. A collateral attack fails if the judgment contains jurisdictional recitals, even if other parts of the record show a lack of jurisdiction. *Johnson*, 132 S.W.3d at 178; *Toles*, 113 S.W.3d at 914.

## C. Analysis

For Garza to prevail on a collateral attack of the 1993 order, he must establish that it is void or involved fundamental error. *Zarate*, 40 S.W.3d at 621; *Glunz*, 908 S.W.2d at 255. Garza contends that a lack of proper personal service rendered the 1993 order void and that he may therefore collaterally attack it at any time. However, an absence of notice to a Texas resident will make a judgment voidable, but not void. *Hawkins v. Twin Montana, Inc.*, 810 S.W.2d 441, 446 (Tex. App.–Fort Worth 1991, no writ); *Davis v. Boone*, 786 S.W.2d 85, 87 n.3 (Tex. App.–San Antonio 1991, no writ). Therefore, a lack of proper notice is not a recognized ground for a collateral attack. *See McEwen v. Harrison*, 345 S.W.2d 706, 711 (Tex. 1961) (holding that a default judgment, which was obtained after an invalid service of process, could not be overturned by any method other than a valid direct attack).

Furthermore, Garza cannot raise a direct attack because M.G. provided testimony that Garza had acquired actual notice of the 1993 order "a year or two" after it was rendered and the trial court found that Garza had actual notice of the 1993 order since 2000. *See Dispensa v. Univ. State Bank*, 987 S.W.2d 923, 926-28 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (noting that a default judgment defendant cannot directly attack a judgment after the four-year limitations period when it did not receive personal service

7

of process but had acquired actual notice of the judgment).

Therefore, Garza's first issue is overruled.[3]

### III. Conclusion

The trial court's denial of Garza's bill of review is affirmed.

ROGELIO VALDEZ,
Chief Justice

Memorandum Opinion delivered and
filed this the 26th day of March, 2009.

---

[3] This conclusion relieves us from addressing Garza's first and third issues, because their resolution would not further affect the outcome of this appeal. *See* Tex. R. App. P. 47.1.