

NUMBER 13-15-00328-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE H.T.M.T., A MINOR

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion Per Curiam[1]**

Relators, Phung Thi Bach Tran, Tien Thi Pham, and Khuong Nguyen, filed a petition for writ of mandamus on July 17, 2015, seeking to compel the trial court to vacate the "Order for Temporary Guardianship of the Person Pending Contest" and the "Order for Possession and Visitation." Through this original proceeding, relators contend that the County Court at Law No. One of Victoria County, Texas, lacks jurisdiction over

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

guardianship proceedings pertaining to the minor child, H.T.M.T., because a suit affecting the parent-child relationship had been previously filed in the 267th District Court of Victoria County, Texas. The Court requested and received responses to the petition for writ of mandamus from the real party in interest, contestant Donna Scott, attorney ad litem Rodney Durham, guardian ad litem Pamela Orsak, and temporary guardian Diane Kliem.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). Alternatively, the supreme court has held that void orders can be challenged by mandamus, regardless of whether an adequate appellate remedy is available. *See Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding). An order is void only if the court rendering it had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). When a court's action is merely contrary to a statute or rule, the action is erroneous or voidable, rather than void. *See id.*; *accord Glunz v. Hernandez*, 908 S.W.2d 253, 255 (Tex. App.— San Antonio 1995, writ denied). Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *See In re Int'l Profit Assocs., Inc.*, 214 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding); *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (orig. proceeding); *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the responses, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. Accordingly, we LIFT the stay previously imposed and we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
1st day of September, 2015.