**Opinion filed October 28, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00392-CV

_____

## CORA SUE SANCHEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ANTHONY TONY SANCHEZ, DECEASED, JENNIFER PASOWICZ, AND JULIE MARIE SANCHEZ, Appellants

## V.

## ROBERTS TRUCK CENTER OF TEXAS, LLC AND ROBERTS TRUCK CENTER HOLDING COMPANY, LLC, Appellees

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. 21791-14-A**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a proceeding filed as a bill of review. Appellants contend that the trial court erred by denying their bill of review where they sought the dismissal of their original cause of action on the ground that the trial court never

had jurisdiction of their cause of action. Because we conclude that the trial court did not have subject-matter jurisdiction over the plaintiffs' original suit, its judgment was void and should be vacated. We reverse and render.

*Background and Procedural History*

Appellants, Cora Sue Sanchez, individually and as representative of her late husband, Anthony Sanchez, along with their daughters, Jennifer Pasowicz and Julie Marie Sanchez, filed a wrongful death action in the Ector County Court at Law. They alleged that the trial court had jurisdiction because their claim was a matter incident to, or related to, probate. Appellees, Roberts Truck Center of Texas, LLC and Roberts Truck Center Holding Company, LLC, filed a plea to the jurisdiction alleging that the wrongful death personal injury matter exceeded the subject-matter jurisdiction of the county court at law. The trial court denied the motion, ruling that wrongful death claims were matters incident to probate and that the court had subject-matter jurisdiction.

Appellees then filed a motion for summary judgment on the merits, which the trial court granted. Appellants appealed the judgment on the merits to the Eleventh Court of Appeals, but the case was transferred to the Seventh Court of Appeals in Amarillo in a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). The Seventh Court of Appeals affirmed the trial court (*Sanchez v. Roberts Truck Ctr. of Tex., LLC*, No. 07-17-00213-CV, 2018 WL 4907533 (Tex. App.—Amarillo Oct. 9, 2018, pet. denied)), and Appellants petitioned the Supreme Court of Texas for review. The petition to the Supreme Court was denied.

Over two years later, Appellants, filed a "bill of review" in the Ector County Court at Law claiming, contrary to their original position, that the trial court had no jurisdiction over their wrongful death or survival claims. Alleging that the former judgment was void for want of jurisdiction, Appellants moved for summary

2

judgment on their bill of review. Appellees also filed a motion for summary judgment, arguing that the "bill of review" was not timely filed pursuant to the Texas Estates Code. The trial court granted summary judgment for Appellees, and Appellants filed this appeal.

On appeal, Appellants present one issue hinging on the lack of subject-matter jurisdiction of the trial court. Because we conclude that the trial court did not have subject-matter jurisdiction and that the wrongful death suit judgment issued by the trial court is void and should be vacated, we reverse and render.

*Standard of Review*

The question of whether a court has subject-matter jurisdiction is a question of law and is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "Subject-matter jurisdiction, as granted by the legislature, is essential to a court's power to decide a case." *Ahmad v. State*, 615 S.W.3d 496, 500 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (quoting *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013)). Subject-matter jurisdiction over a suit "cannot be conferred upon any court by consent or waiver" of the parties. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (citing *Fed. Underwriters Exch. v. Pugh*, 174 S.W.2d 598, 600 (Tex. 1943)). Though it cannot be granted to a court by the parties, questions that arise regarding a court's "subject-matter jurisdiction can be raised at any time." *Id.* (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam)).

When a court that lacks subject-matter jurisdiction issues a judgment beyond dismissal of the cause, the judgment is void. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012); *Zarate v. Sun Operating Ltd., Inc.*, 40 S.W.3d 617, 621 (Tex. App.—San Antonio Feb. 7, 2001, pet. denied). Texas case law distinguishes between judgments that are void and those that are voidable. *Zarate*, 40 S.W.3d at 621; *see also PNS Stores*, 379 S.W.3d at 272 (A "judgment rendered

by a court without subject-matter jurisdiction is void, whereas a judgment rendered by a court lacking personal jurisdiction over the parties might only be voidable." (citing *McEwen v. Harrison*, 345 S.W.2d 706, 710 (Tex. 1961))). Void judgments may be "set aside by a collateral attack"; however, voidable judgments "must be attacked by a valid direct attack." *Zarate*, 40 S.W.3d at 621. A judgment is void if it can be established that the "trial court lacked subject-matter jurisdiction over the suit." *PNS Stores*, 379 S.W.3d at 273; *see also Zarate*, 40 S.W.3d at 621 (citing *Glunz v. Hernandez*, 908 S.W.2d 253, 255 (Tex. App.—San Antonio 1995, writ denied)). A void judgment may be "attacked by a bill of review after a trial court's plenary power has expired," and it can also be collaterally attacked. *Zarate*, 40 S.W.3d at 620 (referencing *Glunz*, 908 S.W.2d at 255).

Here, Appellants' so-called "bill of review" is nothing more than a collateral attack on the trial court's subject-matter jurisdiction. A collateral attack is any proceeding that does not meet all the requirements of a valid direct attack and that is brought to avoid the effect of a judgment. *See Glunz*, 908 S.W.2d at 255. There is no set procedure for a collateral attack, nor is there a statute of limitations. *Davis v. Boone*, 786 S.W.2d 85, 87 n.3 (Tex. App.—San Antonio 1990, no writ). "Collateral attacks may only be used to set aside a judgment which is void, or which involved fundamental error." *Zarate*, 40 S.W.3d at 621 (citing *Glunz*, 908 S.W.2d at 255). Fundamental error for this purpose means cases where "the record shows the court lacked jurisdiction." *Glunz*, 908 S.W.2d at 255 (citing *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982)).

*Analysis*

"Texas probate jurisdiction is, to say the least, somewhat complex." *Palmer v. Coble Wall Tr. Co.*, 851 S.W.2d 178, 180 n.3 (Tex. 1992). The legislature has given statutory probate courts "concurrent jurisdiction with district courts over survival and wrongful death claims," but has "not given such jurisdiction to statutory

4

county courts." *Saari v. Key Energy Servs., Inc.*, No. 11-17-00012-CV, 2018 WL 2973338, at *2 (Tex. App.—Eastland June 7, 2018, pet. denied) (mem. op.) (citing *Dowell v. Quiroz*, 462 S.W.3d 578, 583−85 (Tex. App.—Corpus Christi-Edinburg 2015, no pet.)); *see* TEX. GOV'T CODE ANN. § 25.003(d), (f) (West Supp. 2020).

Ector County does not have a statutory probate court; therefore, the county court at law exercises original probate jurisdiction. TEX. EST. CODE ANN. § 32.002 (West 2020). Whether or not the Ector County Court at Law sitting in probate has subject-matter jurisdiction in a wrongful death action brought incident to a probate action has been answered by this court in *Saari*. *See Saari*, 2018 WL 2973338. In a county without a statutory probate court, but where there is a county court at law exercising original probate jurisdiction, a matter related to a probate proceeding includes "a *claim* brought by a personal representative on behalf of an estate." EST. § 31.002(a)(3), (b)(1) (emphasis added). Under the Estates Code, "claims" include "liabilities of a decedent that survive the decedent's death, including taxes"; certain expenses; and "debts due such estates." *Id.* § 22.005.

In *Dowell*, the court outlined the difference in jurisdiction given to statutory probate courts and that of statutory county courts. *Dowell*, 462 S.W.3d at 583−85; *see* GOV'T § 25.003(f). "[U]nlike a statutory probate court, which has jurisdiction over 'any cause of action in which a personal representative of an estate pending in the statutory probate court is a party in the representative's capacity as personal representative,' jurisdiction of the Ector County Court at Law sitting in probate is limited to those [claims] expressly enumerated in the Estates Code." *Saari*, 2018 WL 2973338, at *2 (quoting EST. § 31.002(c)(2)) (comparing EST. § 31.002(b) and GOV'T § 25.003(f), with EST. § 31.002(c)). The Estates Code and the legislature expressly distinguish between a "statutory probate court" and statutory county courts or county courts at law sitting in probate. *Id.*

5

In *Saari* we also followed the "controlling issue test" as outlined in *Dowell*. *Id.* at *3. The Texas Supreme Court has held that the "controlling issue in wrongful death and survival actions is *not* the settlement, partition, and distribution of the estate." *Dowell*, 462 S.W.3d at 583 (quoting *Palmer*, 851 S.W.2d at 181). Therefore, "a county court at law sitting in probate does not have probate jurisdiction over wrongful death and survival actions as a 'claim' brought by the personal representative." *Saari*, 2018 WL 2973338, at *3.

Because the Ector County Court at Law does not have subject-matter jurisdiction over wrongful death actions as a matter related to probate, any rulings, orders or judgments rendered regarding wrongful death claims are void.[1] Appellees and Appellants disagree regarding the statute of limitations in this matter and regarding whether limitations has passed or not. We need not decide that matter, as judgments which are void may *always* be attacked directly or collaterally. Here, because the judgment is void, a collateral attack is appropriate and the question of whether—or which—statute of limitations applies is inconsequential in our analysis. Furthermore, we note that, even though Appellants were to blame for filing their wrongful death action in the county court at law, Appellants are not barred by the doctrines of waiver, judicial admission, or estoppel (i.e., invited error) because "such doctrines cannot create subject-matter jurisdiction where it does not otherwise exist." *In re Crawford & Co.*, 458 S.W.3d 920, 928 n.7 (Tex. 2015). Consequently, we hold that the judgment attacked by Appellants is void and should be vacated. We sustain Appellants' sole issue on appeal.

---

[1]The question of jurisdiction was not raised to the Seventh Court of Appeals in the original appeal. However, the trial court did not have subject-matter jurisdiction in the original suit, and therefore the trial court's original rulings therein are void.

*This Court's Ruling*

This court cannot confer subject-matter jurisdiction where the legislature has not granted it, and we conclude that the trial court's May 2, 2017 judgment incident to the wrongful death suit filed against Appellees in the probate matter is void for lack of subject-matter jurisdiction. Accordingly, we reverse the trial court's November 18, 2019 judgment, and we render judgment vacating the trial court's May 2, 2017 take-nothing summary judgment.

W. BRUCE WILLIAMS

JUSTICE

October 28, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.