11th Court of Appeals








                                                             11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

                                                         

Joseph Onwuteaka

Appellant

Vs.                   No. 11-00-00091-CV B Appeal from Fort Bend
County

State Farm Lloyds

Appellee

 

The trial court granted State Farm Lloyds= motion for summary
judgment and entered a take- nothing judgment against Joseph Onwuteaka on his
claims against State Farm.  Onwuteaka is
a licensed attorney, and he represented himself in the trial court and on
appeal.  Because we do not have
jurisdiction, we dismiss this appeal.

Mansoureh Masghat originally filed this suit in
order to establish an informal marriage between herself and Onwuteaka.  She also sought a divorce.  The trial court held that the parties were
informally married on November 20, 1992, and that they began a common-law
marriage as of that date.  

Masghat moved from the parties= residence somewhere around
December 20, 1996.  After she had left
the residence, Onwuteaka noticed that certain items of property were missing
and filed a motion to compel in which he asked the trial court to order Masghat
to return the property to him.  On
February 28, 1997, Onwuteaka filed a claim under a homeowner=s policy issued by State
Farm in which he sought to recover for the theft of that property.

State Farm, in order to safeguard its position in
the event the trial court failed to find the existence of an informal marriage,
intervened in the lawsuit between Masghat and Onwuteaka.   After the trial court had found that
Masghat and Onwuteaka had entered into an informal marriage, State Farm
nonsuited its intervention.  State Farm also
denied Onwuteaka=s
claim, asserting that his claim was not covered under the homeowner=s policy.  State Farm also took the position that
Onwuteaka had not complied with the terms of the policy which required that he
file a proper proof of loss.








In July 1999, Onwuteaka filed, in the divorce
case, a third-party action against State Farm. 
In that action, Onwuteaka sought damages which he claimed resulted from
breach of contract and breach of the duty of good faith and fair dealing.  State Farm filed a motion for summary
judgment which the trial court granted on November 10, 1999.  On December 29, 1999, Onwuteaka filed a AMOTION TO RECONSIDER
SUMMARY JUDGMENT MOTION AND OBJECTION TO SUMMARY JUDGMENT.@  On January 4, 2000, the trial court, by docket entry, denied
Onwuteaka=s motion to
reconsider and also, by written order, severed the claims between Masghat and
Onwuteaka from the claims against State Farm. 
Onwuteaka filed his notice of appeal from the State Farm summary
judgment on February 14, 2000.  On
February 16, 2000, when this case was still pending in the 1st Court of Appeals
in Houston, Onwuteaka filed a motion to extend the time within which he could
file a notice of appeal.  The motion to
extend was filed in that appellate court. 
On March 30, 2000, after the Texas Supreme Court had transferred this
case to this court from the 1st Court of Appeals in Houston, we granted
Onwuteaka=s motion for
an extension of time to file the notice of appeal. 

In its brief to this court, appellee again
asserts, in addition to its assertions on the merits, that this court does not
have jurisdiction of this appeal because Onwuteaka=s notice of appeal was not timely.  In his motion for extension, Onwuteaka
stated that the Adeadline
for filing the notice of appeal expired on February 3, 2000, that being thirty
(30) days from the signing of the severance order.@ 
Onwuteaka also alleged that: 

The
inability of appellant to timely file the notice of appeal was because
appellant did not receive notice that an order of severance was signed by the
judge.  Appellant found out on February
11, 2000, when he received a call from the District Clerk=s Office regarding
preparing a separate file based on the order of severance.  Appellant immediately filed his notice of
appeal on February 14, 2000. 

 

After we had granted Onwuteaka=s
motion, we received the reporter=s
record from the hearing on the motion to sever.  We have now reviewed the reporter=s
record, and it shows that Onwuteaka was present at the hearing on the motion to
reconsider and the motion to sever. 
Onwuteaka was present when the trial court announced: AMotion to reconsider
summary judgment is denied.  Motion for
severance of State Farm Lloyds is granted and order has been signed.@  








TEX.R.APP.P. 26.1 requires that a notice of appeal
be filed within 30 days after the judgment is signed.  Onwuteaka did not comply with that rule, and his notice of appeal
was late.  The motion to reconsider
which Onwuteaka filed did not extend the time for filing the notice of appeal;
the trial court had already overruled it when the order of severance was
entered.  Onwuteaka sought an extension
based solely upon his claim that he had no notice that the trial court had
signed the order of severance.  When
there is a claim of lack of notice, the procedure for obtaining additional time
within which to file a notice of appeal is set forth in TEX.R.APP.P. 4.2.  Onwuteaka wholly failed to comply with any
part of that rule.  Even if he had
complied with Rule 4.2, the evidence in this record shows that Onwuteaka=s claim that he had no
notice is totally groundless; he was at the hearing and was told by the trial
court that the order was signed.








Under certain circumstances, a party may obtain
additional time within which to file a notice of appeal under TEX.R.APP.P. 26.3  Even if we were to hold that Rule 26.3
applied to cases in which lack of notice is alleged, which we do not, the
result would be the same.  One who seeks
additional time under Rule 26.3 must, within 15 days after the deadline for
filing the notice of appeal, file the notice of appeal in the trial court and
file a motion in the appellate court in accordance with TEX.R.APP.P.
10.5(b).  Under Rule 10.5(b), the party
seeking extension must, among other things, set forth facts relied on to Areasonably explain the need
for an extension.@  Rule 10.5(b)(2)(A).  Onwuteaka=s
claim that he did not receive notice of the signing of the order is simply not
true and is expressly contradicted by the record.  Onwuteaka gave no other explanation, reasonable or otherwise, of
the need for an extension.  Even if we
were to imply a proper motion under the reasoning of Verburgt v. Dorner, 959
S.W.2d 615 (Tex.1997), we would reach the same result.  Verburgt requires that an appellant
act in good faith.  An appellant who
alleges that he had no notice of the entry of a judgment when in fact he was
present when the judgment was signed and was told expressly by the trial court
that it was signed cannot be said to be acting in good faith.  We believe that to be even more true when
appellant is also the lawyer.  We have
previously overruled appellee=s
motion for sanctions; and, since we have already entered an order overruling
that motion, we do not believe we can reconsider the motion at this point.  However, failure to timely file a notice of
appeal is jurisdictional.  Zarate v. Sun
Operating Limited, Inc., 40 S.W.3d 617 (Tex.App. B
San Antonio 2001, pet=n
den=d).

The appeal is dismissed for want of
jurisdiction.  

 

JIM R. WRIGHT

JUSTICE

 

November 1, 2001

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.