# NO. 12-13-00145-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHERYL ANN WEAVER,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ANGELA JEANETTE THOMPSON,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Sheryl Ann Weaver, as Independent Administrator of the Estate of Alan Ray Adams, Deceased, appeals the trial court's declaratory judgment rendered in favor of Appellee Angela Jeanette Thompson. Weaver raises five issues on appeal. We dismiss for want of jurisdiction.

### BACKGROUND

On November 29, 2010, Thompson's vehicle collided head-on with a vehicle driven by Adams. Adams did not survive the crash.

### Case 1

Weaver, Adams's sister and independent administrator of his estate, filed suit against Thompson in Cherokee County, Texas. The suit consisted of wrongful death claims made on behalf of Adams's mother, father, and child and a survival claim made by Weaver on behalf of Adams's estate. In addition to damages for, among other things, wrongful death and Adams's pain and suffering and mental anguish (nonproperty damages), Weaver sought to recover damages for destruction of Adams's vehicle and deer rifles (property damages).

In early 2011, the parties negotiated a settlement and their attorneys signed a Rule 11 agreement that stated, in pertinent part, as follows: "This will confirm that you have agreed to accept the offer of policy limits from Republic Insurance Group on behalf of Angela Jeanette

Thompson in return for a full release and dismissal of all claims against Ms. Thompson." Subsequently, Weaver nonsuited the claims for nonproperty damages and executed a formal release and settlement agreement. However, this release and settlement agreement did not release Weaver's claims for nonproperty damages. Thereafter, Weaver moved to dismiss all pending claims with prejudice. On March 10, 2011, the trial court signed an order stating that "all pending claims of Plaintiff in the above entitled and numbered cause be and the same are hereby **DISMISSED WITH PREJUDICE**." No appeal was taken in this cause.

**Case 2**

On July 15, 2011, Weaver, in her capacity as independent administrator of Adams's estate, filed the instant suit in Smith County against Thompson for damages from the same accident as was the subject of Case 1. Thompson filed a motion for summary judgment on her affirmative defense of res judicata. Weaver filed an amended motion for summary judgment arguing that the releases resulting from Case 1 did not cover her personal injury damages and a no evidence motion for summary judgment on Thompson's affirmative defense of res judicata. Thompson filed a response to Weaver's motions. The trial court granted Weaver's motions and denied Thompson's motion. Weaver also filed a motion for sanctions, which was denied. After further proceedings, the trial court entered a final judgment in Weaver's favor. Thompson appealed the trial court's judgment in this matter, and that appeal is currently pending in this court as cause number 12-13-00151-CV.

**Case 3**

Subsequently, Thompson filed a bill of review in Cherokee County. The trial court denied her bill of review.

**Case 4**

Thereafter, Thompson filed the instant suit in Cherokee County, seeking a declaratory judgment that the settlement agreement between the parties should be rescinded and reformed because Weaver's attorney fraudulently obtained the settlement. By her suit, Thompson also sought attorney's fees and costs. Thompson moved for summary judgment. The trial court granted Thompson's motion and rendered a judgment declaring that the "settlement agreement . . . [is] amended to release all claims by Sheryl Ann Weaver, as Independent Administrator of the Estate of Alan Ray Adams, deceased." This appeal followed.

<u>**COLLATERAL ATTACK**</u>

In part of her fourth issue, Weaver argues that the trial court lacked jurisdiction to alter or modify the "substance" of the final judgment in Case 1. Thus, Weaver contends that the trial court's judgment in Case 4 was void as a product of Thompson's impermissible collateral attack on the earlier judgment over which the trial court no longer had plenary power.

A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief that the judgment currently stands as a bar against. *See **Browning v. Prostok***, 165 S.W.3d 336, 345 (Tex. 2005). Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts. ***Id.*** But collateral attacks may be used to set aside a judgment that is void. *See **Zarate v. Sun Operating Ltd., Inc.***, 40 S.W.3d 617, 621 (Tex. App.–San Antonio 2001, pet. denied). A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. ***Travelers Ins. Co. v. Joachim***, 315 S.W.3d 860, 863 (Tex. 2010). Generally, however, declaratory relief is not available for the interpretation of a prior judgment entered by that or any other court. *See **Rapid Settlements, Ltd. v. SSC Settlements, LLC,*** 251 S.W.3d 129, 140 (Tex. App.–Tyler 2008, no pet.).

In the case at hand, Thompson's declaratory judgment action in Case 4 seeks to rescind or reform the release and settlement agreement. This settlement agreement was the impetus for Weaver's voluntary motion to dismiss that resulted in the trial court's order of dismissal with prejudice of "all pending claims[.]" We again note that a collateral attack is an attempt to avoid the effect of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief that the judgment currently stands as a bar against. *See **Browning***, 165 S.W.3d at 345. In this instance, the settlement agreement in Case 1 was not incorporated into the judgment of dismissal. *See, e.g., **Hydroscience Technologies, Inc. v. Hydroscience, Inc.***, 401 S.W.3d 783, 797 (Tex. App.–Dallas 2013, pet. denied) (declaratory judgment action seeking to modify terms of settlement agreement incorporated into consent judgment was impermissible collateral attack). The trial court's declaratory judgment in Case 4 modified the settlement only with regard to which claims were released. Its reformation of this contract between the parties does not change which claims

are dismissed under the order of dismissal, i.e., "all pending claims[.]" Thus, the trial court's judgment in Case 4 does not, in effect, cause the dismissal of any additional claims with prejudice nor does it cause the dismissal of fewer claims than were originally dismissed. The order of dismissal from Case 1 remains unchanged, as do its effects on the parties to that cause. Therefore, Thompson's declaratory judgment action is not an impermissible collateral attack, and the trial court's order granting summary judgment is not void. Weaver's fourth issue is overruled in part.

### APPEALABLE ORDER

In response to all of Weaver's issues, Thompson argues in her brief that the trial court's order granting summary judgment is not a final appealable order because it failed to dispose of her claims for attorney's fees and costs.

A judgment issued without a conventional trial is final for purposes of appeal if, and only if, it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001); *In re Certain Underwriters at Lloyd's London*, No. 01-09-00851-CV, 2010 WL 184300, at *2 (Tex. App–Houston [1st Dist.] 2010, orig. proceeding) (mem. op.). If a judgment disposes of all parties and claims, based on the record in the case, it is a final judgment, regardless of its language. *See Lehmann*, 39 S.W.3d at 200. Even if an order or judgment does not finally dispose of all remaining parties and claims, express language of finality can make it final, even though it should have been interlocutory. *Id.* But an order does not dispose of all claims and all parties merely because it is entitled "final," or because the word "final" appears elsewhere in the order, or even because it awards costs. *Id.* at 205.

In the case at hand, the trial court's order granting Thompson's motion for summary judgment does not bear any indicia of finality. Thompson did not raise the issue of attorney's fees or costs in her motion for summary judgment, and those issues are not addressed in the order.[1] Accordingly, we hold that because the order granting summary judgment does not appear

---

[1] Weaver argues that a void judgment cannot ever be final. *See Metropolitan Transit Authority v. Jackson*, 212 S.W.3d 797, 800 (Tex. 2006). However, as set forth above, Weaver's argument that the trial court's judgment is void is without merit.

4

to be final on its face and because it did not dispose of Thompson's claim for attorney's fees and costs, it is not an appealable order. *See McNally v. Guevara*, 52 S.W.3d 195, 195 (Tex. 2001).

## DISPOSITION

Having determined that the trial court's order granting summary judgment is not a final, appealable order, we ***dismiss*** this appeal for ***want of jurisdiction***.


JAMES T. WORTHEN
Chief Justice


Opinion delivered April 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 30, 2014

NO. 12-13-00145-CV

**SHERYL ANN WEAVER,**
Appellant
V.
**ANGELA JEANETTE THOMPSON,**
Appellee

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 2012-09-0716)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*