

# NUMBER 13-16-00615-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                          Appellant,

v.

ALVARO AGUILERA,                                                            Appellee.

**On appeal from the County Court at Law No. 1
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Valdez**

The State perfected an appeal from the county-court-at-law's judgment denying its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a) (West, Westlaw through 2017 1st C.S.). By two issues, the State contends that: (1) the county court lacked subject matter jurisdiction to consider a judicial appeal originating in the

justice of the peace court; and (2) the county court erred in denying the State's plea to the jurisdiction. We affirm.

## I. PROCEDURAL HISTORY

### A. Justice Court

The State filed an action for disposition of a 2016 Mercedes Benz under chapter 47 of the code of criminal procedure (chapter 47 hearing) in the Justice of the Peace Court, Precinct 1 Place 1 (JP court), identifying appellee Alvaro Aguilera as an interested party. *See* TEX. CODE CRIM. PROC. ANN. art. 47.01a(a) (West, Westlaw through 2017 1st C.S.). Aguilera appeared as an interested party at the chapter 47 hearing. On August 26, 2015, the JP court heard the matter and rendered a judgment in favor of the State, ordering for the State to retain possession of the vehicle as the rightful owner of the property was unknown. *See id*. The JP court gave Aguilera five days to appeal and provide information supporting his claim of ownership, but Aguilera did not appeal. Instead, Aguilera filed a motion for new trial. *See* TEX. R. CIV. P. 505.3(c). It was automatically denied as a matter of law as of 5:00 p.m. on the 21st day after the day the judgment was signed. *See id*. R. 505.3(e).

### B. Bill of Review

Thereafter, Aguilera filed a bill of review on March 3, 2016 in the original JP court, asserting the value of the vehicle was outside the jurisdictional limits of the JP court and therefore the JP court's judgment was void as a matter of law. On April 8, the State filed its original answer and plea to the jurisdiction asserting that under Article 47 of the Texas Code of Criminal Procedure, the valuation of the vehicle is irrelevant to the jurisdiction of the JP court because in a chapter 47 proceeding the role of the JP court is that of a

2

magistrate.  *See* TEX. CODE CRIM. PROC. ANN. art. 47.01a(a).  The JP court subsequently denied Aguilera's bill of review.

## C.     County Court Appeal

On May 4, Aguilera filed a notice of appeal and posted the required bond challenging the JP court's denial of the bill of review, which was assigned to the county court.  *See* TEX. R. CIV. P. 506.3 (providing that matters appealed to the county court are tried de novo).  On August 5, the State filed its plea to the jurisdiction and motion to dismiss and asserted the following grounds for dismissal:

1.     Aguilera failed to perfect his appeal as required by [a]rticle 47 of the Texas Code of Criminal Procedure.  Aguilera failed to give an oral notice of appeal at the conclusion of the hearing, which is required under the appeal procedures set forth in [a]rticle 47.

2.     Aguilera further failed to perfect his appeal as he failed to post an appeal bond by the end of the next business day as required by Article 47.12 of the Texas Code of Criminal Procedure.

3.     [The] State of Texas (County of Hidalgo), is immune from suit and Aguilera's claims do not come within any limited waiver of immunity allowed by law.  Moreover, Aguilera failed to establish any waiver of immunity on the face of his pleadings.

With both parties present, the county court asked the State for additional briefing in support of the State's plea and motion to dismiss.  The State filed a brief in support of its plea and motion to dismiss and included an additional ground for dismissal asserting that Aguilera failed to meet the statutory requirements of a bill of review.  Aguilera responded that article 59 of the code of criminal procedure governed the issue.  As such, the district court was the only court which had jurisdiction to render a judgment determining ownership of the vehicle.  According to Aguilera, the JP court's judgment was

3

void as a matter of law and should be set aside and vacated. The county court granted the State's plea to the jurisdiction and motion to dismiss.

## D. Post-judgment Motions

In response to the county court's ruling granting the State's plea, Aguilera filed two post-judgment motions. First, he requested findings of fact and conclusions of law. Next, he requested that the county court set aside its previous order granting the State's plea to the jurisdiction and motion to dismiss. On October 12, 2016, the county court granted Aguilera's motion to set aside its previous order granting the State's plea to the jurisdiction.

The State filed an order resetting a hearing for its plea to the jurisdiction and motion to dismiss. However, the county court entered a separate order denying the State's plea to the jurisdiction and motion to dismiss. The State now brings this interlocutory appeal.

## II. JURISDICTION

By its first issue, the State contends that the county court "lacked jurisdiction to entertain the appeal of the denial of Aguilera's [p]etition for [bi]ll of [r]eview by the [j]ustice [c]ourt." A party may appeal a judgment from a justice of the peace court to a county court at law. TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a); TEX. R. CIV. P. 506.1(a). "An appeal is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with this rule." TEX. R. CIV. P. 506.1(h). "[I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court." *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.— Houston [1st Dist.] 2004, pet. denied).

Here, the JP court denied Aguilera's bill of review. Aguilera then appealed that decision to the county court and posted the required bond. *See* TEX. R. CIV. P. 506.1(i) ("The appellant must pay the costs on appeal to a county court in accordance with Rule 143a."). The State asserts that Aguilera failed to perfect his appeal as required by article 47.12 of the code of criminal procedure and, as such, the county court is without jurisdiction to hear Aguilera's appeal. However, the State's reliance on article 47.12 is misplaced. Article 47.12 sets forth specific procedures by which an interested person may perfect an appeal from a justice court's chapter 47 disposition of property judgment, but Aguilera is not appealing the JP court's judgment of the chapter 47 hearing.[1] TEX. CRIM. PROC. CODE ANN. § art. 47.12(c) (West, Westlaw through 2017 1st C.S.). Instead, Aguilera is appealing the JP court's denial of the bill of review.[2] Because a party may appeal a judgment from a justice of the peace court to a county court at law, we conclude that the county court had jurisdiction to entertain Aguilera's appeal challenging the JP court's denial of his bill of review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a); *see also* TEX. R. CIV. P. 506.1(a). Accordingly, we overrule the State's first issue.

### III.   PLEA TO THE JURISDICTION

By its second issue, the State contends that the county court erred in denying its plea to the jurisdiction and motion to dismiss because the county court lacked subject matter jurisdiction. In its brief in support of its plea to the jurisdiction, the State asserted

---

[1] We note that if Aguilera were appealing the JP court's judgment of the chapter 47 hearing, he would be barred from doing so as he did not timely perfect his appeal by giving either oral notice at the conclusion of the hearing or posting an appeal bond as required by 47.12(c). TEX. CRIM. PROC. CODE ANN. § art. 47.12(c) (West, Westlaw through 2017 1st C.S.).

[2] Moreover, the issue before us is whether the county court had jurisdiction to entertain Aguilera's appeal of the JP court's denial of his bill of review—not whether the JP court should have granted or denied the bill of review.

that the county court should have dismissed Aguilera's appeal as a matter of law for the following reasons:

1. Aguilera's pleadings fail as a matter of law as the original action was proper and within the jurisdiction of the [j]ustice of [the] [p]eace as a magistrate under Article 2.09 in conjunction with Article 47.01(a) of [the] Texas Code of Criminal Procedure.

2. Aguilera's pleading[s] fail as a matter of law to establish that he is entitled to a [b]ill of [r]eview, as he has not plead[ed] any specific meritorious defense or claimed that he was prevented from exercising that defense due to official mistake/fraud, accident, or any wrongful act by the opposing part.

3. Aguilera failed to perfect his appeal as required by Article 47 of the Texas Code of Criminal Procedure. Aguilera failed to give an oral notice of appeal at the conclusion of the hearing, which is required under the appeal procedures set forth in [a]rticle 47.

4. Aguilera further failed to perfect his appeal as he failed to post an appeal bond by the end of the next business day as required by Article 47.12 of the Texas Code of Criminal Procedure.

5. To the extent Aguilera is seeking money damages by way of this appeal, the State of Texas (County of Hidalgo), is immune from suit and Aguilera's claims do not come within any limited waiver of immunity allowed by law. Moreover, Aguilera failed to establish any waiver of immunity on the face of his pleadings.

## A. Standard of Review

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*. While reviewing a plea to the jurisdiction,

6

a court should limit itself to the jurisdictional issue at hand and avoid considering the merits of claims made by the plaintiff. *Bland*, 34 S.W.3d at 554. "The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Id*. The reviewing court should confine itself to the evidence relevant to the jurisdictional issues raised. *Id*. at 555.

## B.     Discussion

### 1.     Jurisdiction of JP court

In his bill of review to the JP court, Aguilera argued that the JP court's chapter 47 judgment is void because the value of the vehicle exceeded the jurisdictional limits of the JP court. The State filed a plea to the jurisdiction arguing that Aguilera's pleadings fail as a matter of law because the JP court had jurisdiction to render a chapter 47 disposition of property judgment. The JP court denied the bill of review, and Aguilera appealed that decision to the county court. In the State's plea to the jurisdiction to the county court and in the State's interlocutory appeal here, the State argues that Aguilera's pleadings fail as a matter of law because the JP court had jurisdiction to render a chapter 47 disposition of property judgment.

The State asserts that the county court lacks jurisdiction because the JP court *had* jurisdiction to render a chapter 47 judgment.[3] However, whether the JP court had jurisdiction touches on the merits of Aguilera's bill of review and has no bearing on the county court's jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a) ("In a case tried in justice court in which the judgment or amount in controversy exceeds $250 . . . a

---

[3] Conversely, it is Aguilera that is challenging the JP court's subject matter jurisdiction.

7

party to a final judgment may appeal to the county court."). In other words, even if the State's argument prevails and the JP court indeed had jurisdiction to render a chapter 47 judgment, that does not divest the county court of jurisdiction to hear Aguilera's appeal of the JP court's denial of his bill of review. *See id.* Whether the JP court was acting as a magistrate or whether the JP court exceeded its civil court jurisdictional limit is irrelevant to whether the county court has subject matter jurisdiction to hear Aguilera's bill of review appeal of the JP court's denial of his bill of review. *Bland,* 34 S.W.3d. at 555. Accordingly, we hold the county court did not err in rejecting the State's argument that it was entitled to a plea to the jurisdiction on this basis.

### 2. Bill of Review

The State contends that "the appeal to the [c]ounty [c]ourt of the denial of the bill of review by the justice court should be dismissed" because "Aguilera failed to plea[d] or prove elements required to be entitled to a bill of review."

Generally, appeals may only be taken from final judgments or orders. *See* TEX. CIV. PRAC. & REM. CODE § 51.014 (West, Westlaw through 2017 1st C.S.); *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). Here, the State's interlocutory appeal challenges the trial court's order denying the State's plea to the jurisdiction on the basis that Aguilera did not meet the bill of review requirements. However, the record shows that the county court did not explicitly deny, or even rule on, Aguilera's bill of review. Thus, the county court did not reach the merits of Aguilera's appeal of the JP court's denial of the bill of review. The Texas Rules of Appellate Procedure require that the record show the trial court ruled on a request, objection, or motion, either expressly or implicitly. TEX. R. APP. P. 33.1(a)(2)(A). Because the record here does not contain an

8

order granting or denying the bill of review and because section 51.014(a) does not explicitly provide for appellate review on that basis, we conclude that we do not have jurisdiction to address this claim. *See Thomas*, 207 S.W.3d at 338; *see also In re Estate of Boren*, 268 S.W.3d 841, 845 (Tex. App.—Texarkana 2008, pet. denied) (holding that it is fundamental error for an appellate court to assume jurisdiction over an interlocutory order when it is not expressly authorized by statute to do so). Accordingly, we conclude that this ground for dismissal is not appealable absent a ruling from the county court.[4] *See Tex. Parks and Wildlife Dep't v. Rubio,* 483 S.W.3d at 797, 799 (Tex. App—El Paso 2016, no pet.) (dismissing an appeal for lack of jurisdiction because the trial court's order did not reach the merits of defendant's claim).

### 3. Perfected Appeal

According to the State, the county court should have granted the State's plea to the jurisdiction because Aguilera failed to perfect his appeal. But as we previously noted, Aguilera is appealing the JP court's denial of his bill of review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a); TEX. R. CIV. P. 506.1(a) ("A party may appeal a judgment from a justice of the peace court to a county court at law."). He is not appealing the JP court's original chapter 47 judgment as the State suggests. Thus, the procedures set forth in article 47.12 for perfecting an appeal are inapplicable here, and the State's plea to the jurisdiction was properly denied.

---

[4] Without a ruling on the bill of review from the county court, the State has failed to show that we have jurisdiction to decide this controversy.

Nonetheless, a party making a collateral attack on a judgment does not need to meet the requirements of a bill of review. *Zarate v. Sun Operating Ltd., Inc.,* 40 S.W.3d 617, 620 (Tex. App.—San Antonio 2001, pet. denied). Here, Aguilera's bill of review served as a collateral attack on the JP court's judgment because he claims the judgment was void as a matter of law. *Id*. Thus, he did not need to meet the requirements of a bill of review as the State suggests. *Id*.

#### 4. Sovereign Immunity

Lastly, the State argues that the county court should have granted the State's plea to the jurisdiction because "Aguilera has not plead and/or claimed that the allegations fall within any waiver of sovereign immunity afforded by any such law."

"Sovereign immunity deprives a trial court of jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). As a result, immunity is properly asserted in a plea to the jurisdiction." *Id*. "In general, the State of Texas retains sovereign immunity from suit." *See Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 115 (Tex. 2010) (per curiam) (citing *Miranda*, 133 S.W.3d at 224). However, if the governmental entity injects itself into or chooses to engage in litigation to assert affirmative claims, the entity will presumably have made a decision to expend resources to pay litigation costs. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006). "A determination that a governmental entity's immunity from suit does not extend to a situation where the entity has filed suit is consistent with the policy issues involved with immunity." *Id*. "[I]t would be fundamentally unfair to allow a governmental entity to assert affirmative claims against a party while claiming it had immunity as to the party's claims against it." *Id*. Therefore, the decision by a governmental entity to file suit for damages "encompassed a decision to leave its sphere of immunity from suit for claims against it which are germane to, connected with and properly defensive to claims the [governmental entity] asserts." *Id*. at 377.

Here, Aguilera claimed ownership of the vehicle. The State initiated a disposition of property proceeding for the vehicle and obtained a judgment awarding the vehicle to

10

the State. Aguilera then filed a bill of review, seeking to vacate that judgment and render a judgment that the vehicle be returned to him. Because the State initiated a chapter 47 proceeding and the bill of review was filed in an attempt to vacate that proceeding, we hold that sovereign immunity does not bar Aguilera's suit. *See Reata*, 197 S.W.3d at 377; *see also State v. Gonzalez*, No. 04-06-00133-CV, 2006 WL 2134643 (Tex. App.—San Antonio Aug. 2, 2006, no pet.) (mem. op.) (holding that because the State initiated forfeiture proceedings against a defendant and the defendant filed a bill of review in an attempt to vacate those proceedings, sovereign immunity did not bar defendant's suit). We overrule the State's second issue.

## IV.    CONCLUSION

Having overruled all the State's issues, we affirm the trial court's order denying the State's plea to the jurisdiction.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
15th day of November, 2018.

11